Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 59607.**—Alfred Orlik, Inc., et al. v. United States, protests 245209–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the items of merchandise marked with the letter "A" were held dutiable at 20 percent under paragraph 1547 (a), Tariff Act of 1930, and the items marked with the letter "B" at 10 percent under the provision in said paragraph, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476), for "Works of art * * * statuary, sculptures, or copies, replicas, or reproductions thereof, valued at not less than $2.50."

**No. 59608.**—Seaboard Liquor Company v. United States, protest 172191–K (Philadelphia).

Opinion by JOHNSON, J.  In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protest was dismissed for lack of prosecution.

**No. 59609.**—Chas. Kurz Co. v. United States, protest 236948–K (Philadelphia).

Opinion by JOHNSON, J.  In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protest was dismissed for lack of prosecution.

**No. 59610.**—China Overseas, Inc., et al. v. United States, protests 155528–K, etc. (New York).

Opinion by DONLON, J.  It was stipulated that the articles in question consist of silent butlers, smoothing irons, and various kinds of trays, the composition of which is the same in all material respects as the merchandise involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423).  In accordance with stipulation of counsel and on the authority of the decisions cited, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 40 percent under paragraph 339 as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver; (2) the items marked with the letter "B" at 35 percent under the provision in paragraph 339, as modified by the trade agreement with the United Kingdom (T. D. 49753), for household utensils,

composed wholly or in chief value of copper, not plated with platinum, gold, or silver; and (3) the items marked with the letter "C" at 25 percent under the provision in paragraph 339, as modified, *supra*, for household utensils, composed wholly or in chief value of pewter, not plated with platinum, gold, or silver.

**No. 59611.**—I. Freeman & Son, Inc., et al. *v.* United States, protests 160626–K, etc. (New York).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of silent butlers and smoothing irons, the composition of which is the same in all material respects as the merchandise involved in *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261) and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423), the claim of the plaintiffs was sustained.

**No. 59612.**—Chekiang Co. et al. *v.* United States, protests 161435–K, etc. (New York).

Opinion by Donlon, J. It was stipulated that the articles in question consist of silent butlers, smoothing irons, and various kinds of trays, the composition of which is the same in all material respects as the merchandise involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v *United States* (25 Cust. Ct. 42, C. D. 1261), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423). In accordance with stipulation of counsel and on the authority of the decisions cited, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 40 percent under paragraph 339 as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver; (2) the items marked with the letter "B" at 35 percent under the provision in paragraph 339, as modified by the trade agreement with the United Kingdom (T. D. 49753), for household utensils, composed wholly or in chief value of copper, not plated with platinum, gold, or silver; and (3) the items marked with the letter "C" at 25 percent under the provision in paragraph 339, as modified, *supra*, for household utensils, composed wholly or in chief value of pewter, not plated with platinum, gold, or silver.

**No. 59613.**—Chinese Art & Products, Inc., and W. J. Byrnes & Co. of N. Y., Inc. *v.* United States, protest 199976–K (New York).

Opinion by Donlon, J. It was stipulated that the merchandise consists of trays the same in all material respects as those involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423). In accordance with stipulation of counsel and on the authority of the decisions cited, the merchandise was held